UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

---------------------------------------------------------------------X

EDGAR HERRERA,

                        Plaintiff,

                -against-

**MEMORANDUM & ORDER**
24-cv-08717 (JMA) (AYS)

STAR MASONARY, INC. D/B/A STAR MASONARY,
FERNANDO DA SILVA, and FABIANA DA SILVA,

                        Defendant.

---------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Before the Court is Plaintiff Edgar Herrera's motion for default judgment pursuant to Fed. R. Civ. P. 55(b) against Defendants Star Masonary Inc. d/b/a Star Masonary ("Star Masonary"), Fernando da Silva, and Fabiana da Silva (collectively "Defendants").  (See ECF No. 19 ("Mot.").)  Plaintiff commenced this action against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL"), §§ 190 et seq. and 650 et seq., alleging Defendants (1) failed to pay Plaintiff minimum and overtime wages in violation of both statutes; (2) failed to pay timely pay wages under the NYLL; and (3) failed to provide wage and pay notices required by the NYLL.[1]  (See ECF No. 1 ("Compl.").)  Plaintiff further requests attorneys' fees and costs.  For the following reasons, Plaintiff's motion for a default judgment against Defendants is GRANTED.

## I.     **DISCUSSION**

### A.    **Defendants Defaulted**

The record reflects that Defendants Star Masonary, Fernando da Silva, and Fabiana da Silva were properly served in this action but have not answered, appeared, or responded to the

---

[1] This action was brought originally as a proposed collective and class action, but Plaintiff has not brought an action to certify a collective or class action. (See Compl. ¶¶ 21-26.)

instant motion for default judgment.  Defendants have not presented any defense to this action, let alone a meritorious defense.  The Clerk of the Court has certified the same.  (See ECF No. 17.)  Accordingly, the Court finds Defendants to be in default.

**B.      Liability**

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and to draw all reasonable inferences in the plaintiff's favor.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law.  Id.  Here, the uncontroverted allegations in the Complaint are sufficient to establish Defendants' liability under the FLSA and NYLL.

**C.      Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'"  Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).  The Court may determine that there is a sufficient evidentiary basis for the damages sought by plaintiffs by reviewing affidavits and other documentary evidence.  See Cement & Concrete Workers Dist. Council Welfare Fund, v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012).

Plaintiff seeks: (1) $5,000 in wage statement damages and $5,000 in wage notice damages; (3) $4,480.00 in unpaid minimum wages; (4) $120,842.12 in unpaid overtime wages; and (5) $125,322.12 in liquidated damages.

As for (1), the Court finds that Plaintiff's allegations sufficiently establish liability under the NYLL for Defendants' failure to provide wage notice and wage statements, and therefore finds that Plaintiff is entitled to a judgment of $5,000 for Defendants' violation of NYLL § 195(1) and $5,000 for Defendants' violation of NYLL § 195(3). As for (2), the Court also finds that Plaintiff's allegations sufficiently establish that he is owed $4,480.00 for unpaid minimum wages for the seven weeks from January 21, 2024 until March 10, 2024, during which he worked without pay. (See Compl. ¶ 69.)

As for (4) and (5), regarding overtime and liquidated damages, Plaintiff argues that the presumption that a weekly salary covers only the first 40 hours of work should apply to all his weeks of work, because there was no agreement regarding the number of hours his fixed weekly salary was intended to compensate. (See Mot. at 8.) Plaintiff states that he worked a regular schedule of approximately fifty-one (51) hours per week from on or around December 20, 2018 until on or around March 10, 2024. (See ECF No. 19-2 ("Herrera Decl.") ¶ 17.) Plaintiff estimates that he is owed $120,842.12 in damages for unpaid overtime wages on that basis. (See Mot. at 8.)

Based on the parties' course of conduct, however, it is reasonable to infer that they intended for Plaintiff's weekly pay to compensate him for the 51 hours that he "regularly" worked each week throughout his employment. (Compl. ¶¶ 30, 32; Decl. ¶ 17); see, e.g., Hernandez v. J & M Corona Deli Corp., No. 23-cv-9120, 2025 WL 2597767, at *9 (E.D.N.Y. Aug. 13, 2025), report and recommendation adopted, No. 23-cv-9120, 2025 WL 2591538 (E.D.N.Y. Sept. 8, 2025)). Plaintiff's declaration states that Plaintiff worked 51 hours every week, without any fluctuation,

during his employment with Defendants.  (Herrera Decl. ¶ 17); see Hernandez v. J & M Corona Deli Corp., 2025 WL 2597767, at *9.

Therefore, the Court finds that the presumption does not apply and calculates the regular rate of pay by dividing Plaintiff's weekly salary by the actual 51 hours worked per week.[2]  Because Plaintiff's regular rate (except for the last seven weeks) was above the applicable minimum wage, Plaintiff is only owed the applicable overtime premium based on his regular rate of pay for all hours worked over forty each weeks (other than his final seven weeks).  That yields rates of: (1) $23.53 for the two weeks that Plaintiff earned a weekly salary of $1,200; (2) $27.45 for the 256 weeks that Plaintiff earned a weekly salary of $1,400; and (3) $19.61 for the seven weeks that Plaintiff earned a weekly salary of $1,000.  For the seven weeks that Plaintiff worked without pay, the regular rate is $16.00.  Calculating overtime owed per hour at 50% percent of the regular rate, Plaintiff's overtime damages are as follows:

| Plaintiff's Overtime Damages | | | | | | |
|---|---|---|---|---|---|---|
| Time Period | Salary | Regular Rate of Pay | Overtime Hours Per Week | Amount Owed Per Hour of Overtime | Weekly Overtime Underpayment | Total Underpayment |
| 12/20/2018 to 12/31/2018 (2 weeks) | $1200 | $23.53 | 11 | $11.77 | $129.42 | $258.83 |
| 1/1/2019 to 11/30/2023 (256 weeks) | $1400 | $27.45 | 11 | $13.73 | $150.98 | $38,650.88 |
| 12/1/2023 to 1/20/2024 (7 weeks) | $1000 | $19.61 | 11 | $9.81 | $107.86 | $755.02 |

---

[2] Throughout his employment, Plaintiff was paid fixed weekly rates: in 2018, Defendants paid Plaintiff a weekly salary of $1,200.00; from in or around January 2019 until in or around November 2023, Defendants paid Plaintiff a weekly salary of $1,400.00; from in or around December 2023 until in or around January 21, 2024, Defendants paid Plaintiff a weekly salary of $1,000.00; and starting in or around January 22, 2024, and lasting 7 weeks, Defendants ceased playing Plaintiff altogether.  (See Compl. ¶¶ 33-37.)  During this time period, the minimum wage rate in Suffolk County New York was $16.00 for all hours worked under forty (40), and $24.00 for each hour worked over forty (40).  See NYLL § 652.

| 1/21/2024 to 3/10/2024 (7 weeks) | $0 | $16.00 | 11 | $24.00 | $264.00 | $1,848 |
|---|---|---|---|---|---|---|
| **TOTAL** | | | | | | **$41,512.74** |

Therefore, the Court finds Plaintiff should be awarded $41,512.74 in unpaid overtime wages.  The Court finds that Plaintiff should also be awarded liquidated damages under the NYLL, in the amount of $45,992.72.

**D.     Attorneys' Fees and Costs**

Plaintiff also requests an award of $18,720.00 in attorneys' fees and $773.40 in litigation costs incurred in litigation this action.  Plaintiff is entitled to reasonable attorneys' fees and costs under both the FLSA and NYLL.  29 U.S.C. § 216(b); NYLL §§ 198(1-a), 663(1); see also Francois v. Mazer, 523 F. App'x 28, 29 (2d Cir. 2013) (summary order).  In determining a reasonable attorneys' fees award, both the Supreme Court and Second Circuit "have held that the lodestar— the product of a reasonable hourly rate and the reasonable number of hours required by the case— creates a presumptively reasonable fee."  Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted).  Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay."  Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted).  "[A] district court should generally use the prevailing hourly rates in the district where it sits."  Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

In support of his application for attorneys' fees, Plaintiff includes a declaration from Jarret Bodo, which include the contemporaneous billing records for Katz Melinger PLLC, the law firm representing Plaintiff.  Plaintiff requests $350 per hour for work done by Jarret Bodo, an associate at Katz Melinger PLLC; $525 per hour for work done by Nicole Brunfeld, a partner at Katz

5

Melinger PLLC; $350 per hour for work done by Stephanie Hatzakos, an attorney hired by Katz Melinger PLLC to perform work on this case; and $150 per hour for work done by Diomisca Hernandez, a paralegal at Katz Melinger PLLC.  The Court finds that these fees are in line with other awards in the Eastern District and are thus presumptively reasonable.  Additionally, the Court has reviewed Plaintiffs' contemporaneous time records and finds that they contain a reasonable hourly rate and represent reasonable number of hours expended in this lawsuit.  The Court therefore awards Plaintiff $18,720.00 in attorney's fees.

Finally, the Court finds that Plaintiff's request for $773.40 in litigation costs is reasonable and supported by the record annexed to the attorney declarations.  The Court therefore awards $773.40 in costs to Plaintiff.

### E.        Prejudgment Interest

Plaintiff seeks prejudgment interest for unpaid wages under the NYLL.  In New York, prejudgment interest accrues at the statutory rate of nine percent per year. N.Y. C.P.L.R. § 5004. "Most courts in this district calculate simple prejudgment interest in NYLL actions from the midpoint date of the claims through the date judgment is entered." Perez Campos v. Quentin Mkt. Corp., No. 16-cv-05303, 2018 WL 9945754, at *8 (E.D.N.Y. Oct. 17, 2018) (citing Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 34 (E.D.N.Y. 2015).

Plaintiff specifies July 30, 2021, as the date from which to calculate pre-judgment interest, because it is "the midpoint date of Plaintiff's employment with Defendants."  (ECF No. 19-3 at 11.)  Plaintiff worked for Defendants from December 20, 2018, through March 10, 2024. (Id.) Because Plaintiff was never paid overtime, the midpoint of his entire employment period, July 30, 2021, will be used to calculate prejudgment interest.

Plaintiff's overtime damages are $41,512.74.  Prejudgment interest on those damages at a rate of nine percent is approximately $3,736.15 per year.  That amount divided by 365 days in a

year results in daily interest of approximately $10.23.  Accordingly, the Court orders that Plaintiff be awarded prejudgment interest of $10.23 per day from July 30, 2021, through the entry of judgment.

## II.   CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is GRANTED in the amount of $87,505.44 plus prejudgment of $10.23 per day from July 30, 2021 through the entry of judgment.  Defendants are also liable to Plaintiff for $19,493.40 in attorneys' fees and litigation costs. The Clerk of the Court is respectfully directed to enter judgment accordingly and to close this case.

**SO ORDERED.**
Dated:   March 31, 2026
             Central Islip, New York

_____/s/ (JMA)_____
JOAN M. AZRACK